1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  STEVE L. THOMAS,                      No.  CIV.S-04-1764 DFL DAD PS

12           Plaintiff,

13      v.                               FINDINGS AND RECOMMENDATIONS

14  SANDRA SHEWRY, et al.,[1]

15           Defendants.

16  _____/

17          This matter is before the court on defendant Sandra

18  Shewry's motion to dismiss plaintiff's second amended complaint or,

19  in the alternative, for summary judgment in her favor.  Plaintiff,

20  proceeding pro se, appeared on his own behalf at the hearing on the

21  motion.  Michael V. Hammang appeared on behalf of defendant.  Having

22  considered all written materials submitted in connection with the

23

24          [1] Plaintiff's initial complaint named several defendants,
    including Ms. Shewry.  Plaintiff's amended complaint named only one
    defendant, the California Department of Health Services.  Plaintiff
25  is now proceeding on his second amended complaint in which Ms. Shewry
    is the only named defendant and is sued in her official capacity as
26  Director of California Department of Health Services.

                                    1

1  motion, and after hearing oral argument, the undersigned will

2  recommend that the motion to dismiss be granted and that plaintiff's

3  second amended complaint be dismissed without further leave to amend.

4          Pursuant to Federal Rule of Civil Procedure 12(b)(6) a

5  complaint, or portion thereof, should only be dismissed for failure

6  to state a claim upon which relief can be granted if it appears

7  beyond doubt that the plaintiff can prove no set of facts in support

8  of the claim or claims that would entitle him to relief.  Hishon v.

9  King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355

10  U.S. 41 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d

11  1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

12  standard, the court must accept as true the allegations of the

13  complaint.  Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740

14  (1976).  Furthermore, the court must construe the pleading in the

15  light most favorable to the plaintiff, and resolve all doubts in the

16  plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).  In a case where the plaintiff is pro se, the court has an

18  obligation to construe the pleadings liberally.  Bretz v. Kelman, 773

19  F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

20  liberal interpretation of a pro se complaint may not supply essential

21  elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d

22  469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska,

23  673 F.2d 266, 268 (9th Cir. 1982).

24          This action arises from the revocation of plaintiff's

25  Certified Nurse Assistant (CNA) and Home Health Aide (HHA)

26  certifications by the California Department of Health Services (DHS).

1   According to the second amended complaint, in February of 2000 DHS

2   initially revoked plaintiff's certifications because it was

3   discovered he had suffered two misdemeanor convictions in 1974 and

4   1980.  Years of administrative and legal proceedings ensued.  As a

5   result, plaintiff's certifications were reinstated on at least one

6   occasion only to be revoked again.  Indeed, plaintiff's most recent

7   administrative application for reinstatement was pending at the time

8   of the hearing on defendant's motion.  Since that time that

9   application has since been denied both initially and on appeal by

10  DHS' Office of Administrative Hearings and Appeals.[2]  (See Pl.'s

11  Supp. in Supp. of Opp'n to Mot. to Dismiss filed December 12, 2005.)

12          By previous order, the court dismissed plaintiff's amended

13  complaint with leave to amend.  The amended complaint was brought

14  pursuant to 42 U.S.C. § 1981 and alleged that DHS deprived plaintiff

15  of his CNA and HHA certifications because of his race.  However,

16  because the amended complaint was devoid of any factual allegations

17  supporting a claim of racial bias and because the only named

18  defendant, DHS, was immune from suit under the Eleventh Amendment, it

19  was dismissed.

20          Plaintiff's second amended complaint is brought pursuant to

21  42 U.S.C. § 1983 and names as a defendant only Sandra Shewry, who is

22  sued in her official capacity as director of DHS.  The second amended

23

24          [2] Because plaintiff's most recent application has been denied on
    administrative appeal and in light of the recommendation of dismissal
25  herein, the undersigned will not address defendant's alternative
    request that the court abstain from deciding this matter pending the
26  resolution of plaintiff's administrative proceedings.

1  complaint again alleges in a conclusory fashion that plaintiff's

2  licenses have been revoked because he is African-American.  It prays

3  that the court "enjoin and restrain the defendant's [sic] from

4  denying plaintiff his nurse's certificate" and declare certain

5  provisions of the California Health and Safety Code addressing the

6  rules and procedures for revoking such a certificate be declared

7  unconstitutional.  (Second Am. Compl. at 13.)  The second amended

8  complaint also seeks compensatory damages, punitive damages and fees

9  and costs.

10         Having carefully reviewed the second amended complaint, the

11  undersigned finds that it must be dismissed.  The Civil Rights Act

12  provides as follows:

13             Every person who, under color of [state law]...
               subjects, or causes to be subjected, any citizen
14             of the United States ... to the deprivation of
               any rights, privileges, or immunities secured by
15             the Constitution ... shall be liable to the party
               injured in an action at law, suit in equity, or
16             other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute requires that there be an actual

18  connection or link between the actions of the defendants and the

19  deprivation alleged to have been suffered by plaintiff.  See Monell

20  v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,

21  423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation

22  of a constitutional right, within the meaning of§ 1983, if he does an

23  affirmative act, participates in another's affirmative acts or omits

24  to perform an act which he is legally required to do that causes the

25  deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d

26  740, 743 (9th Cir. 1978).

4

1           As to defendant Shewry the second amended complaint does

2  not allege how the conduct complained of has resulted in a

3  deprivation of plaintiff's rights, privileges or immunity secured by

4  the Constitution or federal law by a person acting under color of

5  state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez

6  v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).

7           Moreover, supervisory personnel are generally not liable

8  under § 1983 for the actions of their employees under a theory of

9  respondeat superior and, therefore, when a named defendant holds a

10  supervisory position the causal link between the defendant and the

11  claimed constitutional violation must be specifically alleged.  See

12  Favle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

13  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

14  941 (1979).  "A supervisor is only liable for constitutional

15  violations of his subordinates if the supervisor participated in or

16  directed the violations, or knew of the violations and failed to act

17  to prevent them."  Tailor v. List, 880 F.2d 1040, 1045 (9th Cir.

18  1989) (citing Ybarra v. Reno Thunderbird Mobile Home Village, 723

19  F.2d 675, 680-81 (9th Cir. 1984)).  Vague and conclusory allegations

20  concerning the involvement of official personnel in civil rights

21  violations are not sufficient.  See Ivey v. Board of Regents, 673

22  F.2d 266, 268 (9th Cir. 1982).

23           Here, the second amended complaint only identifies

24  defendant Shewry by name at the outset of the complaint and

25  thereafter fails to allege any specific acts taken by her.  Indeed,

26  second amended complaint alleges that defendant Shewry is being sued

5

1 simply because she "is charged by law with enforcing the California

2 Health and Safety Code" and "responsible for the certification of

3 Nurses Assistants ...." (Second Am. Compl. at 2.)  Moreover, at the

4 hearing on the motion, plaintiff was unable to identify any specific

5 conduct engaged in by defendant Shewry in connection with his claim

6 that he has been treated unfairly due to his race.  Rather, plaintiff

7 conceded that he has not dealt with defendant Shewry directly and

8 that she has not personally interjected herself in plaintiff's

9 certification disputes with DHS.  According to plaintiff, Shewry was

10 named as a defendant only because of her "official capacity" and her

11 position as a state official.  Such allegations do not provide the

12 required causal link between defendant Shewry and plaintiff's claimed

13 constitutional violation.[3]

14       For these reasons, this § 1983 action should be dismissed.

15 See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)

16 (affirming dismissal of third amended complaint with prejudice where

17 plaintiff failed to allege facts supporting defendant's personal

18 involvement in the deprivation of equal protection rights).  The

19 Eleventh Amendment further dictates that the second amended complaint

20 be dismissed to the extent that it seeks damages and retrospective

21 injunctive relief.  See Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.

22 1992) ("The eleventh amendment bars both a federal court action for

23

24       [3] In the second amended complaint plaintiff repeatedly refers to
the Fourteenth Amendment.  A liberal construction of plaintiff's
25 allegations regarding his race and that "defendant subjected no other
certified nurse to this behavior" (Second Am. Compl. at 12) suggests
26 that plaintiff is attempting to allege an equal protection violation.

6

1 damages (or other retroactive relief) brought by a citizen against a

2 state and such a federal court action brought by a citizen against a

3 state official acting in his official capacity.").

4        Plaintiff filed an amended complaint once as a matter of

5 right and a second amended complaint as permitted by the court.

6 Given the nature of the deficiencies discussed above, and considering

7 that plaintiff already has had an opportunity to amend, it appears

8 clear that plaintiff cannot cure the defects in his second amended

9 complaint.  Plaintiff's basic contention is that the employees and

10 officials at DHS have treated him unfairly because of his race.

11 However, he has yet to make factual allegations connecting any named

12 defendant to specific acts which were taken in violation of his

13 constitutional rights.  Plaintiff has also has been unable to allege

14 with any degree of specificity how any such alleged actions were

15 undertaken due to his race.  Under these circumstances, granting

16 leave to amend would be futile.  See Reddy v. Litton Indus., Inc.,

17 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo

18 Winery, 829 F.2d 729, 738 (9th Cir. 1987).  Therefore, the

19 undersigned will recommend that the second amended complaint be

20 dismissed with prejudice.

21        Accordingly, IT IS HEREBY RECOMMENDED that defendant's

22 motions to dismiss pursuant to Rule 12(b)(6) be granted and this

23 action be dismissed without further leave to amend.

24        These findings and recommendations are submitted to the

25 United States District Judge assigned to the case, pursuant to the

26 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

7

1  being served with these findings and recommendations, any party may

2  file written objections with the court and serve a copy on all

3  parties.  Such a document should be captioned "Objections to

4  Magistrate Judge's Findings and Recommendations."  The parties are

5  advised that failure to file objections within the specified time may

6  waive the right to appeal the District Court's order.  See Martinez

7  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8  DATED: February 14, 2006.

9

10                                   DALE A. DRCZD
                                     UNITED STATES MAGISTRATE JUDGE
11

12  DAD:th
    ddad1\orders.prose\thomas1764.mtd.f&r
13

14

15

16

17

18

19

20

21

22

23

24

25

26